Jones, J.
In its petition in quo warranto the state alleged, and the Court of Appeals found, that the law under consideration did not receive the constitutional number of votes required for its valid enactment.. It is urged by counsel for plaintiff in error that, whatever defect may have occurred in its original enactment, this was later cured by the codification, which did receive a constitutional majority.
*235 All laws enacted by the Legislature are presumed to have received the required majority, in the absence of proof to the contrary, (Steamboat Northern Indiana v. Millihen, 7 Ohio Si, 384; State v. Kmninger, 46 Ohio Si, 570, 22 N. E., 637.) We might concede all which plaintiff in error contends, were it not for the fact that no bill of exceptions has been taken. We are therefore unable to ascertain how the Court of Appeals arrived at its conclusion, and for that reason alone the Court of Appeals should be affirmed. However, a more serious question arises here. While other reasons have been urged by counsel for defendant in error against the validity of the section named, we deem it necessary to confine ourselves wholly to the statute under consideration. Stripped to its bare bones the question is, Can the Legislature authorize a municipal council to appoint* a police justice, under the provisions of our Constitution?
Section 4544, General Code (98 O. L., 159), provides that, upon the recommendation of the mayor, council by an affirmative vote of two-thirds of its elected members may appoint as police justice a justice of the peace for the township in which such corporation is situated. The same section confers upon the police justice concurrent jurisdiction with the mayor in cases involving the violation of ordinances, and invests him with the same powers and duties conferred upon the mayor of such municipality. That the jurisdiction of mayors, within their respective counties, is very extensive, is disclosed by Section 13423, General Code.
Is this police justice a court, within the meaning of our Constitution? Section 1, Article TV, of the Constitution, provides:
*236 “The judicial power of the state is vested in a Supreme Court, Courts of Appeals, courts of common pleas, courts of prohate, and such other courts inferior to the Courts of Appeals as may from time to time he established by law.”
Section 15 of the same article provides that:
“Laws may be passed :* * * to establish other courts, whenever two-thirds of the members elected to each house shall concur therein.”
The state is divided into three departments of government, executive, legislative and judicial. It must he conceded that a police justice is neither an executive nor a legislative officer; therefore he naturally falls within the description of a judicial officer, when invested with judicial functions, as disclosed by Section 4544. The Legislature cannot create this office under any other than the judicial article of the Constitution. In construing a similar provision of the Constitution, as it existed prior to the amendment of 1912, and its applicability to the question of the office of mayor being invested with judicial functions, in the Millilcm case, supra, Brinherhoff, J , said:
“We find no difficulty, however, in holding that mayors of cities are within the number of such ‘other courts, inferior to the Supreme Court. * * *’ These acts of legislation do not designate mayors of cities as ‘courts,’ nor specifically declare them to be ‘established’ as such; but they create the office, provide for the election of the officer, and confer on him judicial powers and functions, and, if the act be passed in conformity with the provisions of the Constitution authorizing the establishment of ‘other courts,’ it is enough.”
*237 In their brief counsel for plaintiff in error concede that a police justice, appointed under Section 4544, General Code, “establishes a court in accordance with the provisions of Section 1, of Article IV, of the Constitution.” A police justice, invested with judicial functions, being a court, has a municipal council constitutional authority to appoint himf Section 10, Article IV, of the Constitution, provides?
“All judges, other than those provided for in this Constitution, shall be elected by the electors of the judicial district for which they may be created.”
The office of police justice is not one provided for by the Constitution, and the foregoing provision requires that all judges must be elected by the electors of the created judicial district. The cases of State, ex rel. Fox, v. Yeatman, and State, ex rel. Thompson, v. Bundenthal, 89 Ohio St., 44, 105 N. E., 74, have been cited. In these eases statutes provided for the enlargement and extension of the jurisdiction of the police courts of Cincinnati and Dayton, but there the statute expressly provided that the municipal judges should be elected, not appointed. The court held in its syllabus that the acts enlarging and extending the jurisdiction of the police courts of those cities, and changing their names to municipal courts, were “valid enactments to the extent of providing for the election of the judges of such courts.” Those eases are authority for the validity of enactments providing for the election, not appointment, of judges under the provision of our Constitution. However, the argument is urged here that Hilton was an elected justice of the peace for Columbia township, Hamilton county, and that, having been elected for that township, he was an elected *238 judicial officer, within the provisions of our Constitution. There are many reasons why this argument is fallacious. The office of police justice is confined to the village of Terrace Park. The office was established after his election as justice of the peace. As police justice he is not responsible to the electors of Columbia township, and under the provisions of Section 4544, General Code, can only be removed by the members of the council of the village of Terrace Park. Furthermore, as police justice his judicial functions extend, not to Columbia township, for which he was eleetéd, but to other townships in the county.
Not only does the express language of the judicial article of the Constitution, but its entire spirit, breathe antagonism to an appointed judiciary. Section 13, Article TV, provides the only method by which appointments can be made to this branch of the state government, and that is to vacancies only, and so insistent against the length of term of judicial office is that provision of the Constitution that it permits the appointment, not for the unexpired term of a predecessor, but only until the first annual election occurring more than 30 days after the vacancy. It is clear that the Legislature of the state cannot create a court and appoint its members, except under Section 22 [21] of the judicial article, which provides for the appointment by the Governor of a Supreme Court Commission. What the Legislature has not power to do by way of appointment to the judiciary, it may not delegate to one of its governmental agencies, as it has attempted to do in this ease. Section 4544, General Code, is therefore unconstitutional and void for the reasons *239 stated, and the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Wanamaker, Robinson, Matthias, Day and Aeren, JJ., concur.